## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MID-CONTINENT CASUALTY COMPANY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 06-CV-0475-CVE-PJC |
| | ) |
| **GENERAL REINSURANCE CORPORATION,** | ) |
| | ) |
| **Defendant.** | ) |

### OPINION AND ORDER

Now before the Court is Plaintiff's Motion to Reopen Case and Lift Stay for Limited Purpose of Amending Complaint and Brief in Support (Dkt. # 49) and Plaintiff's Motion to Amend Complaint and Brief in Support (Dkt. # 50).  Plaintiff Mid-Continent Casualty Company (Mid-Continent) asks the Court to reopen the case for the limited purpose of allowing it to file an amended complaint adding a bad faith claim against defendant General Reinsurance Corporation (General Reinsurance).  Mid-Continent states that it will ask the Court to close the case as soon as the amended complaint is filed.  General Reinsurance objects to Mid-Continent's motions.  It asserts that Mid-Continent is required to arbitrate all of its claims, and Mid-Continent is attempting to use its motions to avoid arbitrating its bad faith claim.

### I.

Mid-Continent filed this case on September 12, 2006 alleging that General Reinsurance breached two separate reinsurance agreements between the parties, and requested $705,031.01 in compensatory damages. Dkt. # 2.  The complaint alleged a breach of contract claim only.  General Reinsurance filed a motion to compel arbitration (Dkt. # 23) of Mid-Continent's claim, and alleged that both reinsurance agreements contained an arbitration provision.  The first Agreement of

Reinsurance, No. B404, between Mid-Continent and General Reinsurance was executed on January 23, 1992, and provides:

> Any unresolved difference of opinion between [General Reinsurance] and [Mid-Continent] shall be submitted to arbitration by three arbitrators. . . . The arbitrators are relieved from judicial formalities and, in addition to considering the rules of law and the customs and practices of the insurance and reinsurance business, shall make their award with a view to effecting the intent of this Agreement. The decision of the majority shall be final and binding upon the parties. . . .

Dkt. # 23, Ex. A, at 5-6. In a second agreement, called the Interests and Liabilities Agreement, No. 8793, between Mid-Continent and General Reinsurance, the parties agreed that:

> All unresolved differences of opinion between the [Mid-Continent] and [General Reinsurance] relating to this Agreement, including its formation and validity, shall be submitted to arbitration . . . .
>
> The decision of the majority of the arbitrators shall be in writing and shall be final and binding upon the parties.

Id., Ex. B, at 9-10. Mid-Continent argued that the arbitration agreements were unenforceable under Oklahoma law, because the existing version of the Oklahoma Uniform Arbitration Act excluded "contracts which reference insurance" from its coverage. Dkt. # 25, at 7.

The Court held that the parties' arbitration agreements were unenforceable under Oklahoma law. Dkt. # 34. General Reinsurance argued that Oklahoma law did not apply because the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (FAA), preempted Oklahoma law to the extent that it directly conflicted with the FAA. However, under the McCarran-Ferguson Act, 15 U.S.C. § 1012, the "business of insurance . . . shall be subject to the laws of the several States . . ." and state statutes regulating the insurance industry are not preempted by federal law. Dkt. # 34, at 4. The Court applied a Tenth Circuit decision, <u>Mutual Reinsurance Bureau v. Great Plains Mutual Insurance Company, Inc.</u>, 969 F.2d 931 (10th Cir. 1992), and found that a provision of a state arbitration act

invalidating arbitration agreements between insurance companies was a statute regulating the insurance industry. Therefore, the Oklahoma Uniform Arbitration Act applied to the parties' arbitration agreements, and the FAA did not preempt this provision of Oklahoma law. The Court found that the arbitration agreements were unenforceable under the Oklahoma Uniform Arbitration Act and Oklahoma common law, and the Court denied General Reinsurance's motion to compel arbitration.

General Reinsurance took an interlocutory appeal of the Court's opinion and order denying its motion to compel arbitration, and the Court stayed the case while the appeal was pending. While the appeal was pending, the Oklahoma Uniform Arbitration Act was amended in 2008 to exclude "contracts which reference insurance, except for those contracts between insurance companies" from its coverage. OKLA. STAT. tit. 12, § 1855(D). Consequently, the Oklahoma Uniform Arbitration Act no longer rendered the parties' arbitration agreements unenforceable. The Tenth Circuit held that the parties' arbitration agreements were enforceable under the revised statute, and remanded for proceedings consistent with the Tenth Circuit's decision. Dkt. # 45, at 7-8.

In compliance with the Tenth Circuit's decision, the Court compelled the parties to "arbitrate their dispute in accordance with the terms" of their arbitration agreements. Dkt. # 47. The Court did not reference any specific claims but, instead, referred the entire dispute to arbitration. The Court also administratively closed the case and ordered the parties to notify the Court within ten days of completion of the arbitration proceedings. Dkt. # 48. Mid-Continent asks the Court to reopen the case for the limited purpose of allowing it to file an amended complaint. Counsel for General Reinsurance was not clear as to Mid-Continent's reason for seeking to amend its complaint and asked counsel for Mid-Continent if "Mid-Continent would also assert those claims in both

3

arbitration proceedings." Dkt. # 51, Ex. A, at 3. Counsel for Mid-Continent responded that "Mid-Continent does not intend to assert the bad faith claims in the arbitrations." Id.

**II.**

Plaintiff asks the Court to reopen this case for the limited purpose of allowing it to file an amended complaint adding a bad faith claim. Dkt. ## 49, 50. Defendant responds that plaintiff is required to raise all of its claims in arbitration, and plaintiff's attempt to amend its complaint is an attempt to avoid the statute of limitations or time limits on raising claims in arbitration. Dkt. # 51, at 7. Defendant has also produced evidence showing that plaintiff has no intention of arbitrating its bad faith claim, and plaintiff is attempting to reserve a bad faith claim for post-arbitration proceedings. Id. at 3.

Plaintiff asserts that the Court should reopen the case without considering the applicability of the arbitration agreements to its bad faith claim, and treats its request as a simple administrative procedure. However, if plaintiff is required to arbitrate its bad faith claim, it makes no difference if the Court allows plaintiff to amend its complaint because plaintiff will be required to arbitrate a bad faith claim regardless of whether it is included in an amended complaint. The Court is also concerned that Mid-Continent does not address the evidence produced by General Reinsurance showing that counsel for Mid-Continent has stated it has no intention of arbitrating Mid-Continent's bad faith claim, and Mid-Continent is attempting to reserve this issue for post-arbitration judicial review. If Mid-Continent is required to arbitrate all of its claims, it should not be permitted to use its pleadings in this court to avoid the parties' arbitration agreements. Therefore, the Court must consider whether the arbitration agreements require Mid-Continent to arbitrate a bad faith claim before deciding whether the amendment is permissible under Fed. R. Civ. P. 15..

The Court must initially determine whether the parties' arbitration agreements are broad or narrow. To determine whether an arbitration clause should be construed as broad or narrow under the FAA, the Court must ask "if the parties clearly manifested an intent to narrowly limit arbitration to specific disputes." Chelsea Family Pharmacy, PLLC v. Medco Health Solutions, Inc., 567 F.3d 1191, 1196 (10th Cir. 2009). "Where the arbitration clause is broad, there arises a presumption of arbitrability and arbitration of even a collateral matter will be ordered if the claim alleged implicates issues of contract construction or the rights and obligations under it." Cummings v. FedEx Ground Package System, Inc., 404 F.3d 1258, 1261 (10th Cir. 2005) (quoting Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc., 252 F.3d 218, 224 (2d Cir. 2001)). The arbitration agreements refer to "any unresolved difference of opinion" and "all unresolved differences of opinion . . . relating to" the reinsurance agreements. The parties did not use any language limiting the types of disputes that could be resolved in arbitration, and the Court finds that the parties agreed to arbitrate all claims arising under the reinsurance agreements.

The arbitration agreements in this case use broad language and show a clear intent to litigate all disputes arising under the reinsurance agreements. Plaintiff has clearly articulated that its bad faith claim is part of the same "cause of action," and bad faith is "merely an alternative theory which applies to the same underlying events giving rise to a claims for breach of contract . . . ." Dkt. # 50, at 2. Plaintiff may not attempt to avoid arbitration of a proposed bad faith claim by asserting that it is required to arbitrate contract claims only, because federal courts have clearly established that tort claims, as well as contract claims, may fall within a broad arbitration clause. See P &P Indus., Inc. v. Sutter Corp., 179 F.3d 861, 871 (10th Cir. 1999) (claim for tortious interference with contract "related to" the parties contractual dispute and had to be submitted for arbitration); Sweet Dreams

5

Unlimited, Inc. v. Dial-A-Mattress Intern., Ltd., 1 F.3d 639 (7th Cir. 1993) ("We have routinely held that a party may not avoid a contractual arbitration clause merely by 'casting its complaint in tort.'"); Int'l Asset Mgmt., Inc., v. Holt, 487 F. Supp. 2d 1274 (N.D. Okla. 2007) ("As a general rule, tort claims are covered by 'broad' arbitration provisions, such as those extending to all claims 'arising out of or relating to' the contract, so long as the tort claims 'have their roots in the relationship created by the contract.'"). Plaintiff's proposed bad faith claim clearly has its "roots in the relationship created by contract," and plaintiff is compelled to arbitrate its bad faith claim under the parties' arbitration agreements.

Plaintiff's attempt to amend its complaint to add a bad faith claim, without any intention to raise that claim in arbitration, closely resembles prohibited claim-splitting, and it is clear that the parties agreed to resolve all claims in arbitration. No order that has been entered by the Court that prohibits plaintiff from attempting to assert a bad faith claim in the arbitration proceedings, as the Court referred the parties "dispute" to arbitration rather any specific claims. Dkt. # 47. If the arbitrators find that plaintiff's bad faith claim is untimely or without merit, plaintiff may raise that issue for judicial review in a motion to vacate the arbitrator's award.[1] However, plaintiff has not shown that it is necessary to file an amended complaint asserting a bad faith claim to preserve this claim for arbitration and, quite to the contrary, it appears that plaintiff is attempting to file an

---

[1] It appears that one of plaintiff's key motivations for filing a motion to amend is to avoid any statute of limitations issue. See Dkt. # 49, at 2 ("Plaintiff seeks to make these claims a matter of record at this time to avoid a possible argument that they may be barred by the statute of limitations . . . ."). However, amending the complaint will not necessarily save plaintiff's bad faith claim if it was not raised in a timely manner under the arbitration agreements. Even if an amended complaint asserting a bad faith claim would relate back to the filing of the original complaint under Fed. R. Civ. P. 15, the arbitrators may not be bound by the Federal Rules of Civil Procedure. See Dkt. # 23, Ex. A ("The arbitrators are relieved from judicial formalities . . . ."). Plaintiff must raise its bad faith claim and any arguments concerning the timeliness of such a claim in the arbitration proceedings.

amended complaint to avoid arbitrating its proposed bad faith claim.  Although leave to amend should be freely granted, this is not a legitimate reason to amend a complaint under Rule 15, and plaintiff's motions should be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reopen Case and Lift Stay for Limited Purpose of Amending Complaint and Brief in Support (Dkt. # 49) and Plaintiff's Motion to Amend Complaint and Brief in Support (Dkt. # 50) are **denied**.

**DATED** this 18th day of August, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT